UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

PRIORITY SEND

Case No.  CV-14-9338-GW(ASx)   JS-6   Date  February 2, 2015

Title  *Equity Residential Mgmt., LLC v. Myles Reiss*

Present: The Honorable  GEORGE H. WU, United States District Judge

| Javier Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

Proceedings:   (IN CHAMBERS): **ORDER REMANDING ACTION TO STATE COURT**

   Plaintiff Equity Residential Management, LLC ("ERM") recently filed an unlawful detainer action against Defendant Myles Reiss ("Reiss")[1] in state court. *See* Compl., Docket No. 1, Ex. A. Reiss removed the case to this Court on federal question grounds. *See* Removal Notice, Docket No. 1. Though filed as an unlawful detainer action for failure to pay rent, Reiss contends that a federal question exists because he withheld his rent due to ERM's violations of the federal Fair Housing Act. *See id.* ¶¶ 5-7.
   Federal courts have an independent duty to ensure that subject matter jurisdiction exists at all stages of a case, whether or not the parties raise the issue. *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments"). Where a case has been removed, a court may – indeed must – remand the action *sua sponte* if it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction"). A defendant removing an action from state to federal court bears the burden of showing subject matter jurisdiction exists, *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986), and in so doing, must overcome a "strong presumption" against removal, *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992).
   The general rules for federal question jurisdiction are as follows. Subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. "To determine whether an action arises under federal law, a court applies the well-pleaded complaint rule." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009) (citations and quotations omitted). The well-pleaded complaint rule makes "the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "In determining whether the case 'arises under' federal law, federal courts [generally] look solely to the necessary allegations of plaintiff's

---

[1] Although the case caption names the defendant as "Myles Reiss aka Myles Reissue," the caption and signature on the Notice of Removal state "Thomas Reiss." The Court uses the name on the case caption to prevent confusion, but this Order should be understood to apply equally to Myles Reiss, Myles Reissue, and/or Thomas Reiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

### PRIORITY SEND

complaint," i.e., "those essential to the cause[s] of action [asserted]." Schwarzer, Tashima, et al., Cal. Prac. Guide: Fed. Civ. Pro. Before Trial (2014) § 2.741, at 2B-57 (citing *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936) ("To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). The "vast majority" of federal question cases are those where federal law "creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("The 'vast majority' of cases that come within this grant of jurisdiction are covered by Justice Holmes' statement that a 'suit arises under the law that creates the cause of action'") (citing and quoting *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action"); *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013) ("Federal-question jurisdiction does not attach here, because the plaintiffs' complaints allege state – not federal – causes of action"). Indeed, the Ninth Circuit has repeatedly explained that arising under jurisdiction does not exist where a complaint asserts only state-law causes of action and seeks only state-law remedies; and this is true even in cases where the complaint directly references federal law. *See, e.g., ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108 (9th Cir. 2000); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339 (9th Cir. 1996); *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979 (9th Cir. 1997). In addition, neither affirmative defenses, *Caterpillar Inc.*, 482 U.S. at 393 ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense"), nor possible counterclaims, *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) ("We have held that removability cannot be created by defendant pleading a counter-claim presenting a federal question") (citations and quotations omitted), are sufficient to confer federal question jurisdiction.

At best, Reiss removed this case based on a federal defense or possible counterclaim. Neither ground is sufficient to confer federal question jurisdiction. This case is REMANDED to state court forthwith. All remaining dates are VACATED. The Court Clerk is directed to CLOSE the file after remanding the matter.